UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JOSEPH THOMPSON, JR.                                CIVIL ACTION

v.                                                  NO. 18-9394

HOUMA TERREBONNE HOUSING, ET AL.                    SECTION "F"

ORDER AND REASONS

Before the Court is the defendants' motion to dismiss for failure to state a claim or for a more definite statement. For the following reasons, the motion to dismiss is GRANTED without prejudice to the plaintiff's opportunity to file an amended complaint.

**Background**

This is an employment discrimination case. Joseph Thompson, Jr., *pro se*, sued the Houma Terrebonne Housing Authority, Gene Burke, Larry Vauclin, and Barry Bonvillian, alleging:

> I believe I was discriminated against because I have filed a previous complaint against the company Houma Terrebonne Housing Authority. I also believe I was discriminated against because of my race, black; in regards to the previous complaint I filed with HUD, Houma Courier, FBI, and etc. I have been denied the right to a [sic] education on my job, EPA underpayment.

1

Mr. Thompson alleges that, notwithstanding his two-year employment contract, Houma Terrebonne Housing Authority Board of Commissioners fired him on February 8, 2018; the three board members that voted to fire him were white males, Chairman Barry Bonvillian, Gene Burke, and Larry Vauclin. In a Charge of Discrimination filed with the Equal Employment Opportunity Commission on July 13, 2018, Mr. Thompson checked boxes indicating that he had been subject to race discrimination and retaliation; he also wrote:

I. I began my employment with the above Respondent on April 6, 2017 most recently as an Executive Director. On February 8, 2018 I was discharged after a special meeting was called by Chairman Barry Bonvillian, Gene Burks and Larry Vauclin. The company employs over 200 persons.
II. On January 25, 2018, a special meeting was held to terminate my employment. I was hospitalized from January 20, 2018 until January 25, 2018. I had no previous write-ups or complaints against me. I believe Mr. Bonvillian retaliated against me for refusing to commit illegal acts involving contracts and parish property. Mr. Bonvillian would ask me to give contracts to his friends without it going up for public bid. I refused to do so. Mr. Bonvillian also requested that I sell scatter sites to his friends but again I refused. On another occasion, Mr. Bonvillian wanted me to go to lunch with a contractor. I refused once again. On February 8, 2018 Mr. Bonvillian breached my contract after he terminated my employment.
III. I believe I have been discriminated against based on my race (Black) and retaliated against in violation of Title VII of the Civil Rights Act of 1964 as amended.

On July 30, 2018, the EEOC issued a right to sue letter. On October 9, 2018, Mr. Thompson filed this lawsuit, and he was granted permission to proceed in forma pauperis.[1] The defendants now move to dismiss Mr. Thompson's complaint for failure to sate a claim; alternatively, the defendants seek a more definite statement.

I.

In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." See Thompson v. City of Waco, Texas, 764 F.3d 500, 502 (5th Cir. 2014) (citing Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys, 675 F.3d 849, 854 (5th Cir. 2012)(en banc)). But in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. Id. at 502-03 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

---

[1] In his complaint, Mr. Thompson makes other allegations and refers to a complaint he made to the Houma Police Department in June 2018; it appears that he reported Barry Bonvillian for stalking as well as calling Mr. Thompson a "boy" and for asking Mr. Thompson to call him (Mr. Bonvillian) "uncle". Mr. Thompson alleges that he believes Bonvillian and other commissioners were upset because he refused to participate in deals that failed to comply with federal or state regulations.

3

To survive dismissal, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(quoting Iqbal, 556 U.S. at 678)(internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted) (citing Twombly, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic

4

recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

II.

*A.*

Title VII of the Civil Rights Act of 1964 was enacted "to assure equality of employment opportunities and to eliminate those discriminatory practices and devices which have fostered racially stratified job environments to the disadvantage of minority citizens." McDonnell Douglas Corp. v. Green, 411 U.S. 792, 800 (1973). It prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Moreover, "an employer may not discriminate against an employee because the employee has 'opposed any practice made an unlawful employment practice ... or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' under Title VII." See LeMaire v. La. Dep't of Transp. & Dev., 480 F.3d 383, 388 (5th Cir. 2007)(omission in original)(quoting 42 U.S.C. § 2000e-3).

*B.*

Claims of discrimination or retaliation based on circumstantial evidence are analyzed in accordance with the familiar McDonnell Douglas burden-shifting regime. See Hunt v. Rapides Healthcare System, LLC, 277 F.3d 757, 768 (5th Cir. 2001). This three-part framework first requires the plaintiff to make a prima facie case of discrimination (or retaliation). Morris v. Town of Independence, 827 F.3d 396, 400 (5th Cir. 2016). If the plaintiff makes this showing, a presumption of discrimination (or retaliation) arises and the burden of production shifts to the defendant employer to articulate a legitimate non-discriminatory or non-retaliatory reason for the adverse employment action. Id. If the defendant satisfies that burden of production, then the inference of discrimination disappears and the burden shifts back to the plaintiff, who must prove by a preponderance of the evidence that the proffered reason was merely a pretext for racial discrimination (or retaliation). Id. "A plaintiff may establish pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or 'unworthy of credence.'" Thomas v. Johnson, 788 F.3d 177, 179 (5th Cir. 2015).

To make out a prima facie case of racial discrimination, Mr. Thompson must demonstrate that (1) he is a member of a protected

6

group; (2) he was qualified for the position at issue; (3) he was subject to an adverse employment action; and (4) he was treated less favorably than a similarly situated employee outside of his protected group under nearly identical circumstances. Lee v. Kansas City S. Ry. Co., 574 F.3d 253, 259 (5th Cir. 2009). To establish a prima facie case of retaliation, Mr. Thompson must present evidence that (1) he engaged in protected activity; (2) an adverse employment action resulted; and (3) the protected activity and the adverse action are causally linked. Baker v. American Airlines, Inc., 430 F.3d 750, 754 (5th Cir. 2005)(citations omitted).

To be sure, although this is the "framework that governs the standard of proof at trial," notably, "'a plaintiff need not make out a prima facie case of discrimination [or retaliation] to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim.'" Stone v. Louisiana Dept. of Revenue, 590 Fed.Appx. 332, 339 (5th Cir. 2014) (quoting Raj v. Louisiana State University, 714 F.3d 322, 331 (5th Cir. 2013)). Rather, at the pleading stage, Mr. Thompson must "plead sufficient facts on all of the ultimate elements of a disparate treatment [or retaliation] claim to make his case plausible." See Chhim v. Univ. of Texas at Austin, 836 F.3d 467, 470 (5th Cir. 2016); see also Stone, 590 Fed.Appx. at 339. To determine if sufficient facts are pled, "it can be helpful

7

to reference the McDonnell Douglas framework on which [the plaintiff] would continue to rely if he based his claim on circumstantial evidence." Chhim, 836 F.3d at 470.

III.

The defendants move to dismiss Mr. Thompson's Title VII race discrimination and retaliation claims on the ground that Mr. Thompson's allegations fall short of the Rule 8 pleading requirement. The Court agrees. The plaintiff fails to plead sufficient facts to make a plausible claim that he was fired because of his race or that he was retaliated against because he complained about or opposed *discriminatory* practices.

*A.*

As for his race discrimination claim, Mr. Thompson alleges that he faced a tangible employment action: he was fired. But he fails to offer any factual content that might support a Title VII race discrimination claim because he alleges no facts that suggest he was fired *because of his race*. Most of Mr. Thompson's allegations are conclusory and, therefore, not taken as true: these conclusory allegations include that he was "discriminated because of my race, Black;" "stalking;" "discriminated against in violation of Title VII;" "wrongfully fired;" "denied right to education;" and "underpayment." Notably, the only facts alleged

8

that he suggests are indicative of racism are alleged to have occurred *after* he was fired. For example, Mr. Thompson suggests that he called the Houma Police Department to complain that Barry Bonvillian was "stalking" him, "calling [Mr. Thompson] a boy," that Bonvillian also "wanted him [Mr. Thompson] to call him [Bonvillian] uncle;" and that Bonvillian asked him, "boy did you get a job yet?" But Mr. Thompson fails to allege any facts that would link these alleged Bonvillian statements to Mr. Thompson's employment or February 8, 2018 termination of employment. Rather, these statements by Bonvillian are alleged to have occurred more than four months after Mr. Thompson's employment was terminated.[2] Mr. Thompson fails to plead sufficient facts on the ultimate elements of a race discrimination claim that would make his claim plausible.[3]

*B.*

As for his retaliation claim, the only allegations in the complaint indicating that Mr. Thompson opposed discriminatory practices is his allegation that he filed an EEOC complaint. But

---

[2] Mr. Thompson alleges that the Houma Police Department case (in which it is insinuated that he made the complaints about the Bonvillian statements) is "dated June 13, 2018."

[3] In addition to failing to allege any facts that might support his conclusory assertion that he was fired because of his race, he fails to allege any facts suggesting that he was treated less favorably than a similarly situated employee outside of his protected group under nearly identical circumstances.

that complaint was filed *after* he was fired.[4] Where a plaintiff alleges that the adverse action occurred before grievances were filed, the plaintiff fails to plead a causal connection between the protected activity and the adverse employment action; the defendants could not have fired him in retaliation for grievances he had not yet filed. Chhim, 836 F.3d at 472 (citations omitted).

Mr. Thompson wrote in support of his EEOC complaint that "Mr. Bonvillian retaliated against me for refusing to commit illegal acts involving contracts and parish property." Even if the Court accepts these allegations as true, Mr. Thompson nevertheless fails to plead facts that state a claim for retaliation because his refusal to engage in illegal conduct involving contracts and parish property, or his refusal to go to lunch with contractors, is not protected conduct for the purposes of a Title VII retaliation claim. "To state a claim for retaliation in violation of Title VII, the plaintiff must allege that h[is] employer took an adverse employment action against h[im] in retaliation for engaging in protected conduct." Stone, 590 Fed.Appx. at 339. An employee has engaged in "protected conduct" if he opposed any

---

[4] Mr. Thompson complains that Bonvillian called him "boy," but his own allegations again suggest that these allegedly racist comments were made after his employment was terminated. He makes no allegations concerning any racist conduct that occurred in the workplace, nor does he allege that he complained about racist conduct in the workplace and that, after that, he was fired.

practice that Title VII makes unlawful. Royal v. CCC & R Tres Arboles, L.L.C., 736 F.3d 396, 401 (5th Cir. 2013). Even if Mr. Thompson refused to engage in illegal acts involving contracts and parish property, this does not constitute opposition to a practice that Title VII makes unlawful. By failing to allege any facts indicating that he engaged in protected activity, Mr. Thompson fails to state a plausible claim for retaliation.

Because Mr. Thompson's allegations are nothing more than "unadorned, the-defendant-unlawfully-harmed-me-accusation[s]," he fails to state a plausible claim for relief. Twombly, 556 U.S. at 678.

Accordingly, IT IS ORDERED: that the defendants' motion to dismiss is GRANTED without prejudice to the plaintiff being permitted to file, within 14 days of this Order and Reasons, an amended complaint if the plaintiff in good faith can allege facts to support his Title VII employment discrimination claims.[5]

New Orleans, Louisiana, February 6, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[5] The Fifth Circuit has held that "district courts should not dismiss *pro se* complaints pursuant to Rule 12(b)(6) without first providing the plaintiff an opportunity to amend, unless it is obvious from the record that the plaintiff has pled his best case." Hale v. King, 642 F.3d 492, 503 (5th Cir. 2011).