UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH THOMPSON, JR. | CIVIL ACTION |
| v. | NO. 18-9394 |
| HOUMA TERREBONNE HOUSING, ET AL. | SECTION "F" |

ORDER AND REASONS

Before the Court is the plaintiff's "response to judgment granting defendants' second motion to dismiss the plaintiff's amended complaint for failure to state a claim," which the Court construes as a motion to reconsider its June 19, 2019 Order and Reasons and accompanying Judgment granting the defendants' motion to dismiss. For the following reasons, the plaintiff's motion is DENIED.

**Background**

This is an employment discrimination case. Joseph Thompson, Jr., *pro se*, sued the Houma Terrebonne Housing Authority, Gene Burke, Larry Vauclin, and Barry Bonvillian, alleging:

> I believe I was discriminated against because I have filed a previous complaint against the company Houma Terrebonne Housing Authority. I also believe I was discriminated against because of my race, black; in regards to the previous complaint I filed with HUD, Houma

1

> Courier, FBI, and etc.  I have been denied the right to a [sic] education on my job, EPA underpayment.

Before the expiration of his two-year employment contract, Mr. Thompson alleges that Houma Terrebonne Housing Authority Board of Commissioners fired him on February 8, 2018; three white board members voted to fire him: Chairman Barry Bonvillian, Gene Burke, and Larry Vauclin.  In a Charge of Discrimination filed with the Equal Employment Opportunity Commission on July 13, 2018, Mr. Thompson checked boxes indicating that he had been subject to race discrimination and retaliation; he also wrote:

I. I began my employment with the above Respondent on April 6, 2017 most recently as an Executive Director.  On February 8, 2018 I was discharged after a special meeting was called by Chairman Barry Bonvillian, Gene Burks and Larry Vauclin. The company employs over 200 persons.

II. On January 25, 2018, a special meeting was held to terminate my employment. I was hospitalized from January 20, 2018 until January 25, 2018.  I had no previous write-ups or complaints against me.  I believe Mr. Bonvillian retaliated against me for refusing to commit illegal acts involving contracts and parish property.  Mr. Bonvillian would ask me to give contracts to his friends without it going up for public bid. I refused to do so.  Mr. Bonvillian also requested that I sell scatter sites to his friends but again I refused.  On another occasion, Mr. Bonvillian wanted me to go to lunch with a contractor.  I refused once again. On February 8, 2018 Mr. Bonvillian breached my contract after he terminated my employment.

III. I believe I have been discriminated against based on my race (Black) and retaliated against in violation of Title VII of the Civil Rights Act of 1964 as amended.

On July 30, 2018, the EEOC issued a right to sue letter. On October 9, 2018, proceeding *pro se*, Mr. Thompson filed this lawsuit and was granted permission to proceed *in forma pauperis*.[1] The defendants moved to dismiss Mr. Thompson's complaint for failure to state a claim. On February 6, 2019, the Court granted the motion to dismiss without prejudice, affording Mr. Thompson an opportunity to amend his complaint.

After being granted two extensions, the plaintiff filed an amended complaint. In his amended complaint, Mr. Thompson restated the original complaint verbatim, included a list of witnesses that the plaintiff wished to call in support of his claims, stated that Bonvillian mistreated him along with other members of the "black community," and, finally, stated that he was wrongfully fired because of his race and because he refused to break the law. The defendants moved to dismiss the amended complaint. On June 19,

---

[1] In his complaint and amended complaint, Mr. Thompson states that, months after his employment was terminated, in June 2018, he reported to the Houma Police Department that Barry Bonvillian stalked him, called Mr. Thompson a "boy," and asked Mr. Thompson to call him (Mr. Bonvillian) "uncle." Mr. Thompson alleges that the media has investigated Mr. Bonvillian for his racist behavior towards members of the black community. Mr. Thompson alleges that he believes Bonvillian and other commissioners were upset and fired him because he refused to participate in deals that violated federal or state regulations. Mr. Thompson alludes to lodging a whistleblower complaint with HUD in late June 2018.

2019, the Court granted the defendants' motion to dismiss and two days later issued its judgment in favor of the defendants and against the plaintiff, dismissing his claims with prejudice. The plaintiff now moves to reconsider the order and judgment dismissing his lawsuit.

I.

A.

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. Nevertheless, the Court must consider motions for reconsideration challenging an interlocutory order under Rule 54(b) and -- depending on the timing of the motion -- the Court must consider motions challenging a judgment as either a motion "to alter or amend" under Rule 59(e) or a motion for "relief from judgment" under Rule 60(b). A motion seeking reconsideration or revision of a district court ruling is analyzed under Rule 59(e), if it seeks to alter or amend a final judgment, or Rule 54(b), if it seeks to revise an interlocutory order. See, e.g., Cabral v. Brennan, 853 F.3d 763, 766 (5th Cir. 2017)(determining that the district court's erroneous application of the "more exacting" Rule 59(e) standard to a motion granting partial summary judgment was harmless error given that the appellant was not harmed by the procedural error).

4

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact to present newly discovered evidence," and it is "an extraordinary remedy that should be used sparingly." Austin v. Kroger Texas, L.P., 864 F.3d 326, 336 (5th Cir. 2017)(quoting Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004)).

Rule 59(e) allows a court to alter or amend a judgment if the movant establishes a manifest error of law or presents newly discovered evidence. Fed. R. Civ. P. 59(e). "A Rule 59(e) motion 'calls into question the correctness of a judgment.'" Templet v. Hydrochem, Inc., 367 F.3d 473, 478 (5th Cir. 2004)(quoting In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)). Because of the interest in finality, Rule 59(e) motions may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. Id. at 478-79. Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. See id. at 479; Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th Cir. 2010)("a motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest

error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued'")(citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003)(quoting Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)). The Court must balance two important judicial imperatives in deciding a motion for reconsideration: "(1) the need to bring the litigation to an end; and (2) the need to render just decisions on the basis of all the facts." Templet, 367 F.3d at 479.

*B.*

Th Court assumes familiarity with the Order and Reasons issued on June 19, 2019 in which the Court granted the defendants' second motion to dismiss after providing the plaintiff with ample time and opportunity to amend his pleading deficiencies; the Court found that the plaintiff failed to plead sufficient facts to make a plausible claim that he was fired because of his race, or that the defendants retaliated because he complained about or opposed discriminatory practices. Judgment in the defendants' favor issued on June 21, 2019. Filed within 28 days of judgment, the plaintiffs' motion for reconsideration is properly considered under Rule 59. Twice this Court has determined that the plaintiff's allegations were devoid of factual content and thereby fell short of Rule 8's requirements. Likewise, the plaintiff's

6

arguments in support of his Rule 59 motion are conclusory and merely demonstrate dissatisfaction with the outcome of his case. He therefore fails to persuade the Court that he is entitled to relief.

The plaintiff urges the Court to allow him his "day in court." He suggests that he has suffered injuries and that dismissal of his lawsuit was unjust, and he advances the same conclusory arguments advanced in opposition to both of the defendants' motions to dismiss. The Court has already decided these issues and the plaintiff has had ample time to correct his pleading deficiencies. To persuade the Court that reconsideration is warranted, Thompson as the moving party must identify some error of fact or law, or some newly discovered evidence, which would have altered the Court's conclusion. He has failed to do so. The motion to reconsider fails to identify any error for this Court to reconsider and therefore fails as a matter of law.

*C.*

The Court notes that the plaintiff did not file a separate request for oral argument, but he indicates in his motion that he wants the Court to hear argument and he notes in his notice of submission that "oral argument is hereby set for submission...on September 11, 2019 at 10:00 a.m." Insofar as this may be construed as a request for oral argument, the request is DENIED for his

failure to demonstrate that: the case is of widespread community interest; or that the issues raised by his motion involve any constitutional issues, any novel or complex issues of law that are unsettled, or the issue raised requires an evidentiary hearing. The plaintiff suggests in conclusory fashion that a few of these factors are present here. The Court disagrees. His request for oral argument (like his request for reconsideration and like his complaint and amended complaint) is devoid of substance; his conclusory pleas fail to demonstrate that oral argument is necessary for the Court to resolve his opposed motion to reconsider. There is simply nothing left for this Court to resolve.

Accordingly, for the foregoing reasons, IT IS ORDERED: that the plaintiff's motion to reconsider and his request for oral argument on his motion are hereby DENIED.

New Orleans, Louisiana, September 9, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE